UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DAVID RUSSELL BROOKS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-CV-50-DCLC-JEM |
| GOVERNOR BILL LEE and DAVID RAUSCH, | ) |
| Defendants. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") [Doc. 1] and his Complaint for Violation of Civil Rights ("Complaint") [Doc. 2]. For the reasons more fully stated below, the Court **GRANTS** his Application [**Doc. 1**], and the Court will therefore allow Plaintiff to file his Complaint without the prepayment of costs. The Court **RECOMMENDS** that the District Judge (1) **DISMISS** the individual capacity claims against Defendants, (2) **DISMISS** the claim for monetary damages against Defendants in their official capacities, and (3) **ALLOW** the official capacity claims for prospective injunctive relief against these Defendants to proceed beyond the initial screening phase.

I.      **DETERMINATION ABOUT THE FILING FEE**

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition [*see* Docs. 7 and 8], including his Prisoner Account Statement Certificate ("Certificate") as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a)(2). Plaintiff attests that he is not able to afford the filing fee, and his Certificate shows that his average balance in his inmate account for the last six months was $0.00. The Application and Certificate show that

Plaintiff has no income and no assets and is unable to prepay such fees. Accordingly, the Court **GRANTS** Plaintiff's motion [**Doc. 1**].

Because Plaintiff is an inmate in the Blount County Detention Center, however, he is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) & (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Court **DIRECTS** the Clerk to send a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA relating to payment of the filing fee. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution. The Court **DIRECTS** the Clerk to file the Complaint in this case without the prepayment of costs and fees. The Clerk **SHALL NOT**, however, issue process at this time.

II.     **RECOMMENDATION AFTER SCREENING OF THE COMPLAINT**

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are

2

against a defendant who is immune. 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### A. Summary of the Complaint

Plaintiff's lawsuit names Governor Bill Lee ("Governor Lee") and David Rausch ("Director Rausch"), the Director of the Tennessee Bureau of Investigation ("TBI") [Doc. 2 p. 3].[1] Plaintiff alleges that in 2002, he went to prison for attempted aggravated sexual battery [*Id*. at 1]. Upon his release, his probation officer informed him that he would start a sentence of community supervision for life [*Id*. at 5–6]. Plaintiff alleges that he did not agree to community supervision for life when he signed his plea agreement [*Id*. at 6]. Instead, the agreement was that he could apply to be removed from the sex offender registry ("SOR") after ten years [*Id*. at 12]. Plaintiff alleges that he is now serving a life sentence and that the State is subjecting him to numerous requirements [*Id*. at 13–16]. He asserts that after finishing his sentence, he "was handed another

---

[1] Plaintiff states that Director Rausch is the head of the Tennessee Department of Corrections [Doc. 2 p. 3]. But he is the Director of the TBI. *Roath v. Rausch*, No. 3:17-CV-00995, 2024 WL 55482, at *1 n.1 (M.D. Tenn. Jan. 4, 2024) (noting that Director Rausch had been substituted for the former director of the TBI).

sentence that was created after [he] was released," and he is subject to the requirements "for the rest of [his] life" [*Id*. at 20]. He seeks $2.5 million and "remov[al] from the law that was created after [he] was or had been convicted and sentenced" [*Id*. at 8, 19].

## B.     Screening of the Complaint

Section 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution." 42 U.S.C. § 1983; *see also Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To state a claim under § 1983, a plaintiff must allege (1) a deprivation of rights secured by the "Constitution and laws" of the United States and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Plaintiff does not explain whether he is suing Governor Lee or Director Rausch in their official or individual capacities. With respect to any claims in their individual capacities, Plaintiff does not allege that either Defendant personally participated in the underlying allegations or encouraged others to engage in unconstitutional conduct. *Rudd v. City of Norton Shores*, 977 F.3d 503, 512 (6th Cir. 2020) (explaining that the plaintiff "must allege that each defendant, through that defendant's own actions, 'subjected' him (or 'caused' him to be subjected) to the constitutional deprivation" (citation omitted)). "That Governor Lee or Director Rausch hold attenuated supervisory positions over those charged with implementing [the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 ("SORA")] is insufficient to plausibly suggest that either is individually liable under Section 1983." *Newsome v. Lee*, No. 3:21-CV-00041, 2021 WL 1697039, at *4 (M.D. Tenn. Apr. 29, 2021). To the extent Plaintiff names these Defendants in their individual capacities, the undersigned recommends such claims be dismissed. *See id*.

4

With respect to official capacity claims, the Court does not have jurisdiction over any claims for monetary damages. *Id*. at *5 ("To the extent that these claims are for money damages . . . , Governor Lee and Director Rausch stand in the shoes of the state and thus are protected by Tennessee's sovereign immunity." (citations omitted)). The undersigned therefore recommends that Plaintiff's request for $2.5 million against these Defendants in their official capacities be dismissed without prejudice. *Id*. ("Plaintiff's official-capacity Section 1983 claims for money damages must be dismissed without prejudice for lack of subject-matter jurisdiction." (citation omitted)).

With respect to his request to be removed from the law, "Tennessee's sovereign immunity does not provide a shield from those claims for individual defendants sued in their official-capacity." *Id*. (citation omitted). In light of Plaintiff's allegations that he is subject to community life supervision that was not part of his plea agreement, the undersigned recommends that this claim proceed through the initial screening phase. *Id*. at *8 (finding that the plaintiff's allegations "that he was placed on the SOR for a conviction before SORA became law[,]" he experienced "ongoing imposition of increased punishment that has injured his quality of life[,]" and "state officials refuse to remove him from the SOR during his lifetime" plausibly stated a claim under the Ex Post Facto Clause (citing cases)).

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Application [**Doc. 1**]. Because Plaintiff is a prisoner, he is **ASSESSED** the civil filing fee of $350.00 as provided above. However, no process shall issue until the District Judge has ruled upon this Report and

5

Case 3:24-cv-00050-DCLC-JEM   Document 16   Filed 03/25/24   Page 5 of 6   PageID #: 74

Recommendation,[2] because the undersigned **RECOMMENDS**[3] that the District Judge (1) **DISMISS** any individual capacity claims against Defendants, (2) **DISMISS** the claim for monetary damages against Defendants in their official capacities, and (3) **ALLOW** the official capacity claims for prospective injunctive relief against these Defendants to proceed beyond the initial screening phase.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge

---

[2] This matter is to be presented to the assigned District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).