UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DAVID RUSSELL BROOKS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:24-CV-00050-DCLC-JEM |
| BILL LEE et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a sua sponte review of the record. Late last year, the Court ordered Plaintiff David Russell Brooks, who is acting pro se, to show cause as to why it should not dismiss his complaint for lack of prosecution, based on his failure to respond to Defendants' motion to dismiss. [Order, Doc. 48, at 1]. The Court warned him that his failure to respond to its order may result in dismissal of his complaint. [*Id.*]. The Clerk of Court mailed a copy of the Court's order to the address on file for him—1178 Big Springs Road, Harrogate, TN 37752, *see* [Docket Entry, Doc. 48], but he has not responded to the Court's order, and the deadline for a response has now expired.

Because the Court previously warned Mr. Brooks that his failure to prosecute this case might result in dismissal of his complaint, and because he has remained inert in his pursuit of this case, dismissal of his complaint is now proper. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."); *Gardner v. United States*, No. 97-5469, 1999 WL 232693, at *2 (6th Cir. Apr. 15, 1999) ("[A] court may properly dismiss a *pro se* litigant's case for failure to comply with the court's order where the court puts the *pro se* party

on notice that failure to comply will result in dismissal." (citing *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1998))); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) ("[A] pro se litigant['s] fail[ure] to comply with an easily understood court-imposed deadline . . . is no basis for treating that party more generously than a represented litigant." (citation omitted)).

The Court, however, in its discretion, will dismiss his complaint without prejudice. *See* Fed. R. Civ. P. 41(b) (providing that a dismissal under this rule operates as an adjudication on the merits "[u]nless the dismissal order states otherwise"); *Pollitt v. Gen. Motors Corp.*, 894 F.2d 858, 862 (6th Cir. 1990) (rejecting the argument that Rule 41(b) required the district court to dismiss the plaintiffs' case with prejudice); *see Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (observing that a Rule 41(b) dismissal with prejudice is a "harsh sanction" that is appropriate "only in extreme situations" (citation omitted)).

Even if Mr. Brooks had not failed to prosecute this case, his complaint would require dismissal on the merits, for the reasons that Defendants argue in their motion to dismiss. *See* [Defs.' Mem., Doc. 39-1, at 3–5]. Mr. Brooks, who claims he has served a custodial sentence of over twelve years for attempted aggravated sexual battery, sues Bill Lee, the Governor of the State of Tennessee, and David Rausch, the Director of the Tennessee Bureau of Investigation, under 42 U.S.C. § 1983. The thrust of his complaint is that his placement on post-release community supervision for life ("CSL"), which he refers to as an ongoing form of "cruel" punishment, is unconstitutional, and he requests his removal from CSL and $2,500,000 in damages. [Compl., Doc. 2, at 8, 17, 19, 20].

CSL is indeed punitive. *See* Tenn. Code Ann. 39-13-524(a) (stating that CSL is a "sentence" imposed "in addition to" other "punishment"); *Ward v. State*, 315 S.W.3d 461, 473 (Tenn. 2010) (holding that "the imposition of a sentence of community supervision for life is

punitive"); *see also United States v. Barcus*, 892 F.3d 228, 234–35 (6th Cir. 2018) (treating CSL as a "criminal justice sentence" under the Sentencing Guidelines). But in attacking CSL as unlawful, Mr. Brooks is clearly challenging the validity of his sentence, *see* [Compl. at 20 (claiming that CSL is an "illegal sentence"); *id.* at 19 (requesting to be "removed from the law that was created after [he] was or had been convicted and sentenced" and implying that its retroactive application to him is unlawful), and *Heck v. Humphrey*, 512 U.S. 477 (1994), bars him from relying on § 1983 to "render a conviction or sentence invalid," *Heck*, 512 U.S. at 486.

To contest the imposition of CSL and obtain possible removal from it, he must pursue and secure habeas relief. *See id.* at 481 ("[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488–89 (1973)); *see also Nichols v. Lee*, No. 3:22-cv-01004, 2023 WL 612904, at *2 (M.D. Tenn. Sept. 19, 2023) ("A challenge to the imposition of community supervision for life . . . involves an attempt to 'render a . . . sentence invalid[].'" (second alteration in original) (quoting *id.* at 486)).[1] Because habeas, and not § 1983, is the proper legal channel for Mr. Brooks's claims, and because he sues Defendants exclusively under § 1983, his complaint requires dismissal. *See Poindexter v. Overton*, 110 F. App'x 646, 647 (6th Cir. 2004) ("[T]he district court properly

---

[1] The Court considers Mr. Brooks to be in custody while he serves his term of CSL. *See Maleng v. Cook*, 490 U.S. 488, 490 (1989) (noting that habeas corpus relief is available only if a person is in custody); *see Nichols*, 2023 WL 612904 at *2 ("The Magistrate Judge concluded, however, that an individual serving a sentence of community supervision for life is 'in custody' for habeas purposes for the same reasons that an individual on parole is 'in custody' for those purposes—because, while the individual is not 'behind prison walls,' he is still subject to an express criminal punishment that 'significantly confine[s] and restrain[s] his freedom.' This court agrees." (quoting *Jones v. Cunningham*, 371 U.S. 236, 243 (1963))); *cf. Maleng*, 490 U.S. at 491 ("Our interpretation of the 'in custody' language has not required that a prisoner be physically confined in order to challenge his sentence on habeas corpus."); *United States v. Zack*, No. 98-1526, 1999 WL 96996, at *1 (6th Cir. Feb. 1, 1999) ("A defendant serving a term of supervised release is 'in custody' for the purposes of § 2255." (citations omitted).

3

dismissed [the plaintiff's] claim that his convictions were . . . illegal" because he "has not successfully challenged the validity of his underlying convictions. Therefore, his claim is not cognizable in this § 1983 action."). His complaint is therefore **DISMISSED WITHOUT PREJUDICE**. Only if he succeeds in securing habeas relief may he pursue his § 1983 claims for damages against the State.[2] *Heck*, 512 U.S. 486–87. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge

---

[2] Mr. Brooks does not specify whether he is suing Governor Lee and Director Rausch in their individual or official capacities, so the Court construes his claims under § 1983 as official-capacity claims and not individual-capacity claims against Governor Lee and Director Rausch. *See Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991) ("[A]bsent any indication that these defendants are being sued individually, we must assume that they are being sued in their official capacities[.]"). "Suits against state officials in their official capacity . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citation omitted).